UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62323-CIV-LENARD/GOODMAN

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

EB5 ASSET MANAGER, LLC,
LIN ZHONG, et al,

    Defendants.
_____/

## POST EMERGENCY MOTIONS HEARING ORDER

Plaintiff Securities and Exchange Commission ("SEC") filed an Emergency Motion for Appointment of Receiver [ECF No. 5] and an Emergency Motion for Asset Freeze and Other Relief [ECF No. 6]. United States District Judge Joan A. Lenard referred the motions to the Undersigned. [ECF No. 10]. The Undersigned held a hearing on the emergency motions on November 5, 2015. The Court **ORDERS** as follows:

    1.    Defense counsel shall by November 9, 2015 file a Notice of Filing and attach the October 30, 2015 letter from U.S. EB-5 Investments LLC to its investors.[1] Defense counsel shall also file either a declaration or affidavit by Lin Zhong which

---

[1]     The Undersigned notes that defense counsel has filed the requested letter. [ECF No. 15].

specifies how many investors have asked to rescind their investment, how many have elected to remain in the investment program, and how many have not yet responded.

2.  **Proposed Report and Recommendations:**[2] Counsel for both Plaintiff and Defendants shall by **Wednesday, November 11, 2015** each file a Notice of Filing on CM/ECF and attach either an omnibus proposed report and recommendations that addresses both the Emergency Motion for Appointment of Receiver [ECF No. 5] and the Emergency Motion for Asset Freeze and Other Relief [ECF No. 6] or two proposed reports and recommendations that individually address the two motions. Counsel shall by the same deadline send a courtesy copy to the Undersigned's e-file inbox (goodman@flsd.uscourts.gov) in Word format.

In the proposed report and recommendations addressing the SEC's request to freeze Defendants' assets, the parties shall discuss any proposed carve-outs for personal expenses and whether dollar limits should be specified or an approval procedure

---

[2]   During the hearing, the Undersigned advised the parties of legal authority upholding a magistrate judge's jurisdictional ability to enter an order, as opposed to a report and recommendations, on a motion to appoint a receiver. Both SEC counsel and defense counsel advised of their preference that the Undersigned use a report and recommendations, rather than an order, to rule on both emergency motions. The Undersigned also advised the parties of some authority to suggest that a magistrate judge may enter an order, as opposed to a report and recommendations, on a motion for a temporary restraining order (under the logic that a TRO is only temporary, and therefore not case-dispositive). But Local Magistrate Judge Rule 1(d)(1)(A) specifically lists a temporary restraining order as a case-dispositive motion for which a magistrate judge may issue a report and recommendations. Therefore, the Undersigned will not consider an order as a way to resolve the SEC's emergency motion for a temporary asset freeze, which I analogized to a TRO. Counsel for both parties agreed that an order concerning the temporary asset freeze motion would be jurisdictionally unavailable.

implemented. Additionally, the parties shall comprehensively discuss the applicable standard and the case law supporting their positions. The Court understands that Defendants object to the requested asset freeze. Defendants' required discussion (as an alternative argument) about the carve-outs will not waive their argument that an asset freeze order is unnecessary or inappropriate.

In the proposed report and recommendations addressing the SEC's request that the Court appoint a receiver, the parties shall discuss why the Court should or should not use Mr. Heller in lieu of using an appointed receiver. During the hearing, defense counsel, in response to a question from the bench, explained that he was unaware of any other federal case where a Court used the defendant-paid asset manager approach instead of a Court-appointed receiver. The parties' written proposals shall discuss any legal authority on Defendants' suggested resolution (i.e., either approving or rejecting the concept).

In addition, the proposed report (or reports) should also address the issue of whether the SEC's requests are genuine emergencies, given that (1) Defendants have known of the investigation for several months, (2) Defendant Zhong has given two sworn statements to the SEC, (3) the SEC did not file its emergency motions under seal or seek an *ex parte* consideration of its motions, (4) Defendants are no longer soliciting new investments, (5) most of the property involved is real estate and the SEC could, for all practical purposes, restrain the transfer of any real estate by filing notices of *lis*

*pendens*, and (6) the SEC does not in any way question the integrity or professionalism of Mr. Heller, a well-recognized CPA.

The proposed report (or reports) should indicate whether the SEC needs to post a bond, and if so, should provide a suggestion for an appropriate amount, in connection with an asset freeze order. This discussion should include relevant legal authority, not merely a succinct one-word response (i.e., more than "yes" or "no" is required). Likewise, the report (or reports) should discuss, assuming the report recommends appointment of a receiver, whether the receiver would need to post a receivership bond, and, if so, should provide a suggestion for an appropriate bond amount.

The Undersigned notes that the recommended receiver appears to have no direct, personal experience as a receiver (although he has extensive experience in other, related areas, such as criminal prosecution and fraud investigations). The proposals should discuss whether the Undersigned should be reluctant to appoint a receiver with no direct receivership experience.

3.     **The SEC's request for records preservation**: Pending the determination of the SEC's request for an Asset Freeze, the Undersigned orders that Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering

illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants and Relief Defendants wherever located, until further Order of this Court.

4. **The SEC's request for expedited discovery**: The Undersigned grants the SEC's request for expedited discovery. The SEC may take local depositions with three days' notice and depositions outside of Miami-Dade, Broward, Palm Beach and Monroe Counties with five days' notice. The SEC may also propound written discovery requests to Defendants, such as interrogatories, requests for admissions, and requests for production, with a five day response time.

5. **The SEC's request for sworn accounting**: The Undersigned directs Defendants to provide a sworn accounting by Monday, November 16, 2015.

Defendants U.S. EB-5 Investments LLC, EB5 Asset Manager, LLC, and Lin Zhong a/k/a Lily Zhong, and Relief Defendants Oakland Office Holdings LLC, B.X Wok Construction LLC, US Investment LLC d/b/a US Investment FL LLC, Top Sun Energy LLC, Ocean Blvd. Family Limited Partnership, Ltd., B.X Property Management LLC, and US1 Real Estate Developments, LLC shall:

(a) make a sworn accounting to this Court and the SEC of all funds, whether in the form of compensation, commissions, loans, income (including payments for assets, shares, or property of any kind), and other benefits (including the provision of

services of a personal or mixed business and personal nature) Zhong received from investors, EB-5 Investments LLC, EB5 Asset Manager, LLC, Oakland Office Holdings LLC, B.X Wok Construction LLC, US Investment LLC d/b/a US Investment FL LLC, Top Sun Energy LLC, Ocean Blvd. Family Limited Partnership, Ltd., B.X Property Management LLC, and US1 Real Estate Developments;

    (b)    make a sworn accounting to this Court and the SEC of all assets, funds, or other properties held by the Zhong, EB-5 Investments LLC, EB5 Asset Manager, LLC, Oakland Office Holdings LLC, B.X Wok Construction LLC, US Investment LLC d/b/a US Investment FL LLC, Top Sun Energy LLC, Ocean Blvd. Family Limited Partnership, Ltd., B.X Property Management LLC, and US1 Real Estate Developments, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

    (c)    provide to the Court and the SEC a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind) in which Zhong, EB-5 Investments LLC, EB5 Asset Manager, LLC, Oakland Office Holdings LLC, B.X Wok Construction LLC, US Investment LLC d/b/a US Investment FL LLC, Top Sun Energy LLC, Ocean Blvd. Family Limited Partnership, Ltd., B.X Property Management LLC, and US1 Real Estate Developments (whether solely or jointly), directly or indirectly (including through a corporation, partnership,

6

relative, friend or nominee), either have an interest or over which they have the power or right to exercise control.

Additionally Defendants U.S. EB-5 Investments LLC, EB5 Asset Manager, LLC, and Lin Zhong a/k/a Lily Zhong, and Relief Defendant Oakland Office Holdings LLC, B.X Wok Construction LLC, US Investment LLC d/b/a US Investment FL LLC, Top Sun Energy LLC, Ocean Blvd. Family Limited Partnership, Ltd., B.X Property Management LLC, and US1 Real Estate Developments, LLC shall each make a sworn accounting by November 16, 2015 to the Court and the SEC of:

(a)     all funds received from any source, including, but not limited to, funds received from investors;

(b)     all compensation, income (including payment for assets, shares or property of any kind), other benefits (including the provision of services of a personal or mixed business and personal nature) these entities have paid to Zhong; and

(c)     all assets, funds, or other properties held in their names, or for their direct or indirect beneficial interest, or over which they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property.

If the SEC is not satisfied with the substance of the sworn accountings, then it may file a motion to compel a better accounting.

6.     Finally, the parties are encouraged to engage in settlement negotiations in an effort to avoid the need for significant time investments by both the Undersigned

and District Judge Joan A. Lenard. At a bare minimum, the parties should try to agree on the nature and scope of any carve-outs in an asset freeze order. The Undersigned acknowledges Defendants' position that an asset freeze order should not be entered in the first place. This directive (to seek resolution of the nature and amounts of carve-outs) is not an indication that the Court is inclined to recommend an asset freeze. I have not decided that issue either way (just like I have not decided what to recommend on the receivership motion).

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this November 5, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All Counsel of Record